## Combs v. Combs, et al.

(Decided October 24, 1912.)

### Appeal from Perry Circuit Court.

New Trial—Verdict Against Evidence.—Where the verdict is flagrantly against the weight of the evidence a new trial should be granted on this ground.

EVERSOLE & EVERSOLE and J. E. JOHNSON for appellant.

C. W. NAPIER, J. K. P. TURNER for appellees.

Opinion of the Court by Judge Carroll—Reversing.

In 1887 the appellant, Richard Combs, purchased from Allen Combs and Andrew Combs a part of a tract of land owned by Allen. The portion retained by Allen came by regular conveyances into the possession of the appellees. In 1910 the appellant, Richard Combs brought this suit against the appellees to recover damages against them for trespassing upon a small strip of land that adjoined the land of appellees. The appellees admitted that appellant was the owner of the land described in his petition, but averred that they had not committed any trespass upon it. The case was tried by a jury, who returned a verdict in favor of appellees, and from the judgment on the verdict this appeal is prosecuted.

The only question in the case is the proper location of a line, in the deed conveying the land to Richard Combs, that begins at "Eagle Knob, thence running straight to the creek at the lower end of the field at the mouth of the Big Lick Branch." There is no dispute as to the location of the "Eagle Knob," nor is there much, if any, conflict in the evidence as to the corner of the line at the lower end of the field at the mouth of the Big Lick Branch, as virtually all of the witnesses say that this end of the line was marked by three beeches, and as

the deed calls for a straight line between the two points mentioned, the only issues in the case are, the location of this line, and whether or not appellees trespassed upon appellant's side of it.  This line was surveyed by Boggs, and on his map the line between the two points mentioned is indicated by a red line and a black line, the black line being the line claimed by appellees and the red line being the line claimed by appellant.

The court instructed the jury that if they believed from the evidence that the deed from Andrew Combs to Richard Combs, read in evidence, ran from Eagle Knob with the red line shown on Boggs' map to point "A" on said map (which is the point where the three beeches stood) they should find for the plaintiff.  He further instructed them that if they believed from the evidence that the deed from Andrew Combs to Richard Combs ran with the red line on Boggs' map they should find for the plaintiff.

It will thus be observed that the only question submitted to the jury was whether or not the red line on the Boggs map was the boundary line of the land of appellant.  The instructions are not complained of by appellant but it is insisted that the court should have given a peremptory instruction in his favor or have granted a new trial on the ground that the verdict was flagrantly against the evidence.

We have carefully read the record and have reached the conclusion that the verdict of the jury was palpably against the evidence, and so the trial court should have granted a new trial on this ground.  The deed made to appellant by Andrew and Allen Combs in 1887 does not mention "three beeches" as the corner in the field at the mouth of the Big Lick Branch.  The deed merely recites that the line runs from Eagle Knob straight to the creek at the lower end of the field at the mouth of the Big Lick Branch.  But appellant testifies that a few months after this deed was made he and Allen Combs, who then owned the land now owned by appellees marked the line between their land begining at Eagle Knob and running a straight line to three beech trees as corner trees in the field at the mouth of Big Lick Branch.  He further testifies that these three beech trees were marked as corner trees and were standing when he gave his evidence, and that other trees on a straight line between the three beeches and Eagle Knob were marked as line

trees, and that the line so marked was agreed upon as a line. He further testified that a few years before this suit was brought the appellee moved and relocated the fence on his land from twenty to fifty feet inside of this line.

Several other witnesses introduced by appellant corroborated his evidence on the points mentioned. C. M. Horn, a surveyor, who was a witness for appellant, and whose map appears in the record, testified that he surveyed this line and that it was marked as described by appellant, and that the appellee, John Combs, was present when he made the survey. John Combs, the appellee, in his own behalf claimed the black line on the Boggs map as the division line between himself and the appellant and denied having moved his fence over on the land of appellant, but admitted that he did move it a few feet in resetting it. He also admitted that the three beech trees were marked as corner trees and that they were so marked when he moved on the premises. Boggs, a surveyor, who testified for appellee, said that the red line on his map represented the line claimed by appellant and the black line the line claimed by appellees. He further said that the beech trees appeared to have been marked not more than twelve years before he testified, but that the marks on them indicated that the line in controversy was on the red line on his map. Other witnesses for appellees said that if the line was run from the Eagle Knob to the beech trees that appellee's fence would be on the land of appellant. Robert Combs, another witness for appellees, testified that he bought the land now owned by appellees from Allen Combs and that the three beeches were marked as corner trees when he lived on the land, and that if a straight line was run from Eagle Knob to the beeches the fence in dispute would be on the land of appellant. Dick Smith and Breck Combs, witnesses for appellees, gave substantially the same evidence as Robert Combs with reference to the beeches and the fence.

This evidence, as it seems to us, makes it plain that appellant's line runs with the red line on the Boggs map from Eagle Knob to the beech trees, and that the fence of appellees is on the land of appellant. When the jury found under this evidence that the red line was

not the line of appellant their finding was flagrantly against the weight of the evidence.

The judgment is reversed, with direction for a new trial.