[No. 15906.    Department Two.    March 23, 1921.]

B. K. WALTON, *Respondent*, v. AMERICAN CENTRAL INSURANCE COMPANY OF ST. LOUIS, *Appellant*.[1]

INSURANCE (130, 137)—FIRE POLICY—PROOFS OF LOSS—NECESSITY—ESTOPPEL OR WAIVER—ACTS OF AGENTS. Proof of loss as required by a policy of insurance is a condition precedent to the right to maintain an action for loss, unless the failure to present the proof is due to the insured being misled by officers or agents of the insurance company; evidence to such effect presenting a question for the jury.

SAME. The act of an adjuster of a fire insurance company in misleading insured into the belief that proofs of loss were unnecessary estops the company from relying on a policy provision against modification of its terms unless in writing.

Appeal from a judgment of the superior court for King county, Jurey, J., entered October 1, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action on a policy of fire insurance. Affirmed.

*F. G. Clark* and *S. H. Steele*, for appellant.

*Thos. R. Horner*, for respondent.

MAIN, J.—This action is based upon an insurance policy, and recovery is sought for property damaged

[1]Reported in 196 Pac. 588.

by fire. The defendant denied liability, claiming that proofs of loss had not been furnished as required by the policy. The cause was tried by the court and a jury, and resulted in a verdict for the plaintiff in the sum of one thousand dollars. From the judgment entered on the verdict, the appeal is prosecuted.

The policy was issued on the 27th day of June, 1918. The fire occurred approximately a week later. Shortly after the fire, the respondent, the insured, presented to the agent of the company that had issued the policy an itemized statement of the articles destroyed, with the cash value of each item specified. The agent referred the respondent to the adjuster. The statement was then presented to the adjuster. It was not such a statement, however, as was required by the terms of the policy. The policy was the standard form contemplated by the statute and contained a provision that, if a fire occurs, the assured shall, within sixty days thereafter, present proof of loss in the manner and form therein specified. There is another provision in the policy that its provisions cannot be waived unless such waiver be written upon or attached to the policy.

The proof of loss not having been such as to meet the requirements of the policy, the controlling question in the case is whether the insured was misled by the agent or agents of the company into the belief that the proof which he had furnished was all that was necessary. Upon this question, the evidence is conflicting. The respondent testified that, when the proof was presented, he was told that it was all that was necessary and that there was nothing more that he would be required to do. The evidence on the part of the appellant was that no such assurance had been given.

The rule in this state, supported by numerous decisions, is that the making of proofs of loss as required

by the policy is a condition precedent to the right to the maintenance of an action unless the failure to present the proofs is due to misleading of the insured by the officers or agent of the insurance company. *Kuck v. Citizens' Ins. Co.*, 90 Wash. 35, 155 Pac. 406, and cases there cited. If the evidence of the respondent is to be believed, his failure to present the proofs as required by the policy was due to the misleading by the agents of the appellant company. This presented a question of fact for the jury. It is argued by the appellant that the terms of the policy cannot be modified other than in the manner there specified, which is by writing. The question, however, is not one of modification, but whether the company will be permitted to take advantage of a wrong committed by its agents upon the insured. The case is not different from a number of other cases which have been before this court, and the question was properly submitted to the jury.

It is suggested in the brief of the appellant that the company would not be bound by the acts of the local agent or the adjuster. The question, as a rule, arises between the adjuster and the insured. The adjuster, being the agent, the company should not be permitted to benefit by his wrong-doing committed while performing the functions of the agency.

The judgment will be affirmed.

TOLMAN, MITCHELL, and MOUNT, JJ., concur.