Samuel Schoenfeld, Respondent, *v.* New Jersey Fidelity and Plate Glass Insurance Company, Appellant.

Second Department, December 15, 1922.

Insurance — liability insurance — action under Insurance Law, § 109, by person injured by automobile of another against insurer to recover amount of judgment recovered against insured — policy contained provision that insured would render co-operation and assistance — policy canceled, before judgment obtained against insured, for failure of insured to co-operate with insurer — failure of insured to co-operate was good defense — insurer had right to cancel policy — liability under Insurance Law, § 109, on ground of bankruptcy or insolvency of insured is to be determined at date of return of execution unsatisfied.

It is a good defense to an action, brought under section 109 of the Insurance Law, by a person injured by an automobile of another, against an insurance company to recover the amount of the judgment which the injured person had recovered against the owner of the automobile, that the insured made

an affidavit in effect that at the time of the injury the car was being used by the chauffeur for the chauffeur's own benefit and that the insured after the injury failed to co-operate with the insurer in the defense of the action as required by the terms of the insurance policy.

In such an action by an injured person the insurer is entitled to assert any defense which it might have asserted in an action by the insured, and failure on the part of the insured to co-operate in the defense of the action would be a good defense to an action by the insured against the insurer.

Under section 109 of the Insurance Law, a right of action does not accrue to the injured person against the insurer on the ground that the insured is insolvent or has gone into bankruptcy, until an execution issued on a judgment recovered against the insured is returned unsatisfied by reason of the insolvency or bankruptcy of the insured.

So, where the insurer cancels a policy on the ground of the failure of the insured to co-operate, which it has the right to do, before a judgment is obtained by the injured person against the insured, the liability of the insurer ceases to exist and no right of action survives to the injured person.

APPEAL by the defendant, New Jersey Fidelity and Plate Glass Insurance Company, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Queens on the 26th day of July, 1922, granting plaintiff's motion for summary judgment, and also from a judgment of the Supreme Court in favor of the plaintiff, entered in said clerk's office on the 28th day of July, 1922, pursuant to said order.

*Theodore H. Lord* [*Phineas L. Webber* with him on the brief], for the appellant.

*Harold R. Medina* [*Jacquin Frank, Leander I. Shelley* and *David M. Fink* with him on the brief], for the respondent.

YOUNG, J.:

The action is brought to recover $3,135 upon a judgment obtained by the plaintiff against one Conrad Nazarchuk. The complaint alleges the making by defendant of its policy of casualty insurance indemnifying Nazarchuk against loss from liability for damages resulting from the use of his automobile on account of bodily injuries sustained by any person or persons; that on November 7, 1920, while the policy was in force, an accident occurred whereby plaintiff was injured by said automobile; that the policy contained a provision that the insolvency or bankruptcy of the person insured should not release the insurance carrier from the payment of damages, but that in case execution against the insured was returned unsatisfied in an action brought by the injured party, an action might be maintained by the claimant against the defendant, the insurance carrier, subject to the terms of the policy, for an amount not exceeding the amount of the policy, the costs taxed against the assured, and interest; that plaintiff brought an action in the Supreme Court, Queens county, for damages for the injuries

**798** Schoenfeld *v.* N. J. Fidelity & Plate Glass Ins. Co.

Second Department, December, 1922. [Vol. 203

sustained through the negligence of said Nazarchuk; that defendant undertook the defense of that action and that after a trial a verdict for the plaintiff was rendered for $3,000, and judgment was entered thereon, and an execution issued and returned unsatisfied, and that no part of the judgment has been paid.

The defendant's amended answer admits the issuance of a policy of insurance, a copy of which is attached, and also admits the bringing of the action against Nazarchuk, but denies the remaining allegations of the complaint. It sets up as a separate defense the issuance of the policy in question, and that it contains a clause to the effect that the insolvency or bankruptcy of the insured should not release the company from payment of damages for injuries, etc. It also alleges the bringing of the action by plaintiff against Nazarchuk; that on November twentieth Nazarchuk gave a signed and sworn statement to defendant wherein he stated that the chauffeur operating his automobile at the time of the accident had no permission to use it and was using it solely for his own purpose and pleasure; that the answer in said action was verified by the defendant therein and denied operation and control of the automobile at the time of the accident; that thereafter defendant's attorney attempted to locate Nazarchuk for the purpose of preparing for trial and to obtain from him the names of witnesses and to secure his attendance upon the trial, to show that the automobile was not being operated or controlled by him, or being used in his interests or business at the time of the accident, and that the chauffeur was using the car solely for his own purpose and pleasure. The answer then details efforts made to find Nazarchuk, letters mailed to him and personal canvasses made, but that they were unable to do so, and it is alleged upon information and belief that he had returned to Russia, leaving no address where he might be communicated with. It is further alleged that Nazarchuk failed and neglected to co-operate with the defendant and its attorney in the preparation for trial in the action brought by plaintiff against him; that he left the State without communicating with defendant or giving notice of his intention so to do, and failed to appear personally in court or to render defendant any assistance in defense of the action, and thereby violated a condition under which the policy was issued, which provided as follows: " The assured shall at all times render to the company all possible co-operation and assistance. The assured shall not voluntarily assume or admit any liability for an accident, and no loss arising from a liability which has been voluntarily assumed or admitted by the assured shall be covered hereunder; " and that by reason of the failure to co-operate with defendant and render it assistance

said Nazarchuk greatly prejudiced the interests of defendant and rendered a successful defense of the personal injury action brought by plaintiff impossible, and that the defendant thereupon, on March 28, 1922, canceled said policy and mailed to Nazarchuk at his last known address a notice of disclaimer and cancellation of said policy, and that said policy was thereby canceled and became void and of no effect; that in May, 1922, an inquest was taken in the action brought by plaintiff against Nazarchuk, which resulted in a verdict of $3,000, and judgment was thereupon entered, which is the basis of this action; that defendant did not appear by its attorney at said inquest, and that at the time thereof, and at the entry of judgment, the policy was canceled and became void and of no effect.

Plaintiff thereupon made a motion for summary judgment under rule 113 of the Rules of Civil Practice, founded upon the pleadings and an affidavit of plaintiff, which was opposed by defendant, and an affidavit in opposition filed. These affidavits tend to support the allegations made by the parties in their respective pleadings.

The learned justice at Special Term made an order directing that defendant's amended answer be stricken out and that summary judgment be entered, and upon that order judgment was entered. From such order and judgment defendant has appealed to this court.

This action is authorized by section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1918, chap. 182, and Laws of 1920, chap. 563), which requires liability insurance policies to contain a clause permitting it substantially as alleged in the complaint.

The learned justice at Special Term held that the purpose of that section was to protect the injured person and to insure the payment of any judgment he might obtain up to the amount of the policy covered by the persons responsible for the accident, and that the words " under the terms of the policy " in that section were not intended to limit the right of the injured person to recover from the insurance company to those cases in which the assured could have recovery.

The case of *Roth* v. *National Automobile Mutual Casualty Co.* (202 App. Div. 667), cited in support of this proposition, did not decide the question. In that case it appeared that the assured signed a written statement to the effect that the chauffeur had used the car at the time of the accident without his permission and had also signed a statement for the plaintiff's attorney to the effect that he had given such chauffeur permission to use the machine. The case was tried by the court without a jury. In the closing paragraph of the prevailing opinion it is said that " the court having decided in favor of the plaintiff it must be

**800** Schoenfeld *v.* N. J. Fidelity & Plate Glass Ins. Co.

Second Department, December, 1922. · [Vol. 203]

assumed that he found that the defense of lack of co-operation was not established." (p. 671.) In the prevailing opinion, however, it is stated: " The sole issue was whether the assured failed to co-operate with the company, and whether such failure was a non-compliance with one of the terms of the policy, which would have barred a recovery by him against the company, and hence would be a bar to a recovery by the plaintiff in this action. The question thus arises: What is the meaning of the words ' under the terms of the policy ' in the clause above quoted? " And after stating the claims of the respective parties, the court said: " It seems to us that the Legislature did not intend to deprive the insurance company of any defenses which it could have properly urged against the assured under the provisions of the policy had he brought an action thereon." (p. 669.)

I do not think that the majority of the court, in that decision, differed in substance from the language contained in the dissenting opinion written by Mr. Justice Laughlin and concurred in by Presiding Justice Clarke, in which it is said: " As I view the statute, the Legislature intended, in such case, to give a cause of action to the person injured or the personal representative of the decedent against the insurance company on the policy provided the assured could have recovered thereon for any liability enforced against him and covered by the policy."

In *O'Connell* v. *New Jersey Fidelity & P. G. Ins. Co.* (201 App. Div. 117) it was held that in an action under a policy of automobile insurance to recover the amount of the judgment recovered against the owner of the automobile for the death of plaintiff's intestate, in which defendant conceded that it would be liable for the amount of the judgment in case it was not shown, as it contended, that the automobile at the time of the accident was being driven by a child under sixteen years of age, a condition which, if it existed, would relieve it from liability, the burden of proof was on the defendant to establish that the automobile was in fact being driven at the time of the accident by a child under the age of sixteen years.

The case last cited was brought under the same section of the Insurance Law, the insured having become bankrupt, and I think that in that case it is assumed that had the defendant borne the burden of proof of the fact in controversy, that fact would have constituted a good defense. (See, also, *Farrell* v. *Merchants Mutual Automobile Liability Ins. Co.*, 203 App. Div. 118.)

I think it must be conceded that as between the assured and the insurance company, failure by the assured to comply with the condition of the policy requiring co-operation would prevent his recovery under the policy of the amount of the judgment if paid

by him. I can see nothing in the statute showing a legislative intent to deprive the company of this defense, or to create any other or different liability to the injured party than that which the policy gave to the assured. On the contrary, the intention was that at the time when a right of action accrued to the injured party under the provision of section 109 of the Insurance Law, to justify a recovery from the company upon the judgment, the policy must then be in force. It is clear from the language of that section that the liability of the company to the injured party does not accrue until an execution issued upon the judgment obtained against the assured has been returned unsatisfied by reason of insolvency or bankruptcy. Insolvency or bankruptcy is the test upon which the right of action depends, and the time when that insolvency or bankruptcy is to be determined is when the execution is returned unsatisfied. If, prior to that time, therefore, the assured had violated the terms and conditions of the policy in such manner as to entitle the company to cancel it pursuant to its provisions, no right of action would survive to the injured party.

I think that the condition of the policy requiring co-operation on the part of the assured in the defense of the action brought against him by the injured party is one of great importance. Without the presence of the assured and his aid in preparing the case for trial, the insurance company is handicapped and such lack of co-operation may result in making the action incapable of defense. In the case at bar, the statement made to the insurance company that the chauffeur was using the automobile for his own purposes without permission of the assured, constituted, if true, a perfect defense to the action brought by the injured party. To enable the company to defend the action, it was manifestly essential that the assured be present and be examined in his own behalf as a witness upon the trial. This, by reason of his disappearance, was impossible. Furthermore, I see nothing in the affidavits and the answer submitted which shows bad faith on the part of the appellant. If it is acting in bad faith or in collusion with the assured, that fact may be established upon the trial. The appellant should not be put out of court without an opportunity to try the issue raised by the defense contained in its answer.

The judgment and order should be reversed on the law, with costs, and motion denied, with ten dollars costs.

Blackmar, P. J., Rich, Kelly and Manning, JJ., concur.

Judgment and order reversed on the law, with costs, and motion denied, with ten dollars costs.