UNITED STATES CASUALTY CO. v. BREESE.

*Insurance—Automobile liability policy—Failure by insured to give insurer notice of accident—Injured party cannot recover from insurance company, when.*

Failure of motor bus operator to notify his insurance carrier of action against him for damages for personal injuries, as required by policy, *held* to bar any recovery by plaintiff in such action from insurance company.

(Decided January 19, 1925.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Doyle & Lewis* and *Mr. Milo J. Warner,* for plaintiff in error.

*Mr. Alfred J. Croll* and *Mr. John P. Manton,* for defendant in error.

RICHARDS, J. In 1922, one Joe Zurawski was operating a motor bus in the city of Toledo, which came into collision on May 14th with an auto driven by Martha Breese, resulting in serious damage to her and her auto. She brought an action against him on September 22, 1922, to recover damages for the injury, and this action resulted in a judgment in her favor against Zurawski on March 2, 1923, in the sum of $1,237.72. Thereafter execution was duly issued on the judgment and returned unsatisfied, for want of property on which to levy.

In order to obtain a license to operate a motor bus, Zurawski had been required by the city of Toledo to secure either an indemnity bond or liability insurance, and he did, in fact, secure

liability insurance of the United States Casualty Company, which was in force at the time of the injury to Martha Breese.

Not having secured satisfaction of her judgment, she brought this action against the United States Casualty Company, setting up the foregoing facts and the ordinance of the city of Toledo containing a requirement that operators of motor busses should secure an indemnity bond or liability insurance, and attaching to her petition a copy of the insurance policy issued by the United States Casualty Company to Zurawski. The company filed an answer to the petition, which was met by demurrer, and the demurrer was sustained to the second, third, and fourth defenses.

Subsequent to the sustaining of the demurrer, the case was tried on its merits, resulting in a verdict by direction of the court and a judgment thereon in favor of the plaintiff for $1,309.72. Counsel for the Casualty Company, in their brief, rely solely on the claimed error of the court in sustaining the demurrer to the second defense, and the case has been presented to this court on that claim alone.

The second defense of the Casualty Company avers that the contract and policy of insurance attached to the petition contained, among other conditions and covenants, the following:

"Condition B. In the event of accident, the assured shall give immediate written notice thereof to the company, and forward to the company forthwith after receipt thereof every process, pleading, and paper of any kind relating to any and all claims, suits, and proceedings. The assured shall

give to the company full co-operation, and, whenever requested by the company, shall aid in securing information and evidence and the attendance of witnesses, and in prosecuting appeals.''

The company avers that the assured failed and neglected to forward, transmit, or convey to it any process, pleading, or paper of any kind served upon him, or to inform it of any such process, pleading or paper forthwith after the receipt thereof by the insured, but in direct violation of condition B did not advise or inform it of any pending suit against the assured. The Casualty Company further avers that it had no information as to said suit until several weeks after process was served upon the assured, and after he had procured an attorney, and said attorney had prepared and filed an answer in the cause, and that summons was served on the assured on September 25, 1922, answer filed by his personal attorney on October 18, 1922, and that the assured did not communicate with the company with reference to such action until November 9, 1922.

The Casualty Company averred that by reason of the aforesaid violation of condition B by the assured prior to the rendition of the judgment of March 2, 1923, the defendant was discharged from any and all liability under and by reason of the contract of insurance.

The rights of the parties to this action depend upon and are limited by the terms of the policy of liability insurance issued by the United States Casualty Company, construed in connection with the ordinance passed by the city of Toledo and

the statute controlling such insurance. Section 5 of the ordinance enacted by the city of Toledo requires operators of motor busses to file with the department of finance a liability insurance policy, and provides, among other things, that the insolvency of the person insured shall not release the insurance company from the payment of damages for injury sustained or loss incurred, and, in the event that execution against the insured person is returned unsatisfied, provides that an action may be maintained by the injured person against the insurance company direct *"under the terms of the policy"* for the amount of the judgment in said action, not exceeding the amount of the policy. It will thus be seen that the city ordinance explicitly makes the right of recovery dependent upon the terms of the policy of insurance held by the operator of the motor bus.

Condition B becomes, then, an important part, and, indeed, the essence, of the contract existing between the Casualty Company and Zurawski, and whatever rights the injured party, Martha Breese, may have, can only exist under and by virtue of the obligations cast upon the company by that policy, and can only be enforced in accordance with its limitations. In the absence of the policy she would have, of course, no right of recovery as against the company, and in view of the existence of the policy she has such right, and such right only, against the company, as is provided by the policy. The policy, in unequivocal terms, provides, as an essential condition of recovery, that the assured shall give immediate written notice to the

company of an accident, and shall forward to the company every process, pleading, and paper relating to the suit. These requirements are averred not to have been complied with by the assured. Similar language in liability insurance policies has been construed in decisions of various courts. Our Supreme Court had such a policy under consideration in *Travelers' Insurance Co.* v. *Myers & Co.,* 62 Ohio St., 529, 57 N. E., 458, 49 L. R. A., 760. In that case the corresponding stipulation of the policy read as follows:

"Immediate written notice shall be given this company of any accident and of all alleged injuries, together with copies of all statements made by employes, and all other information in possession or knowledge of the insured in any way relating to such accident or liability therefor."

In construing that provision, the Supreme Court, speaking through Davis, J., used the following language: "It is obvious that this stipulation is of the essence of the contract in insurance of this kind. It is not merely a stipulation as to the form of bringing to the notice of the insurer the fact of a loss, as in policies of fire and life insurance."

The court, in further consideration of the provision, gave the reasons for the necessity of such a requirement as follows: "In insurance of this character it is a matter of the first importance to the insurer, who may be forced to become the real defendant in a lawsuit against the insured employer, to be speedily informed of all the facts and witnesses concerning a possible litigation. In a very little time the facts may in a great measure

fade out of memory, or become distorted, witnesses may go beyond reach, physical conditions may change, and, more dangerous than all, fraud and cupidity may have had opportunity to perfect their work. Therefore this stipulation is vital to the contract.''

This decision as to the construction of such a provision in a policy of liability insurance was followed in *Employers' Liability Assurance Corp.* v. *Roehm,* 99 Ohio St., 343, 124 N. E., 223, 7 A. L. R., 182, where the condition was pronounced to be of the essence of the contract. In the face of these direct holdings of the Supreme Court, we do not feel at liberty to give any other construction to the terms of condition B in the policy in the case at bar.

A similar decision was rendered in the case of *Jefferson Realty Co.* v. *Employers' Liability Assurance Corp.,* 149 Ky., 741, the court saying, in the course of the opinion, on pages 747 and 748 (149 S. W., 1011), that it was wholly immaterial whether or not the company was prejudiced by the delay, and that a reasonable compliance with the conditions of the contract relating to notice was indispensable to fix liability. To the same effect is *Phoenix Cotton Oil Co.* v. *Royal Indemnity Co.,* 140 Tenn., 438, 205 S. W., 128. The Supreme Judicial Court of Massachusetts, in *Lorando* v. *Gethro,* 228 Mass., 181, 117 N. E., 185, 1 A. L. R., 1374, reached a similar conclusion.

From the fact that the injured party, Martha Breese, has no rights in this case except such as arise under the policy, construed in connection with

the legislation authorizing it, the conclusion neces-
sarily follows that she has no greater rights
against the insurance company than were held by
Joe Zurawski, the assured, and such was directly
held in *Cogliano* v. *Ferguson,* 245 Mass., 364, 139
N. E., 527.

From what has been said it follows that the
trial court erred to the prejudice of the company
in sustaining the demurrer to the second defense
contained in the answer, and in directing a ver-
dict, and the judgment is therefore reversed, and
the cause remanded to the court of common pleas,
with directions to overrule the demurrer to the
second defense, and for further proceedings.

*Judgment reversed.*

CHITTENDEN and YOUNG, JJ., concur.