## Metropolitan Casualty Insurance Company of New York v. Mary Albritton.

## Same v. W. D. Albritton.

(Decided February 5, 1926.)

### Appeals from McCracken Circuit Court.

1. Insurance—Person Injured by Automobile of Assured Held to have Right to Sue Insurance Company, Regardless of Acts of Assured. —Provision in insurance policy taken out by automobile owner, that person injured could bring action against insurance company, if execution was returned unsatisfied, held to give injured person independent right to sue, regardless of acts of assured; such right not being based on subrogation to rights of assured.

2. Judgment—One Participating in Litigation Held Concluded by Judgment.—One who participates in litigation, and openly and actively assumes and manages its prosecution or defense, though a stranger to it, is concluded by judgment rendered therein.

3. Insurance—Insurance Company Held Bound by Judgment in Action which it Defended.—Where insurance company, in compliance with policy, defended action against assured, it could not, in subsequent action by the injured person against it, relitigate matter of contributory negligence, since a res judicata estoppel operates against one responsible to litigant, who has notice of litigation and opportunity to appear and defend, or has expressly stipulated to abide by its result.

C. C. GRASSHAM and L. B. ALEXANDER for appellant.

EATON & BOYD for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming the judgment in each case.

On June 25, 1924, the appellant and defendant below, Metropolitan Casualty Insurance Company of New York, issued its indemnity policy to one Ira Mimms in Paducah, Kentucky, whereby in consideration of the premium paid by him it agreed to indemnify him against all damages in consequence of accidents to persons or property produced by the operation of a Cadillac automobile that he owned, under prescribed conditions, and the policy contained certain limitations as to the persons or property injured or damaged, but none of which apply to the character of accident involved in these cases and no further notice will be taken of them. The amount of indemnity for injury or death to any one person was limited to $5,000.00, and the amount of damages to property of a single person

growing out of one accident was limited to the sum of $1,000.00. The defendant also agreed in its policy to defend in the name and on behalf of the assured any suit brought against him to enforce a claim covered by the policy, "whether groundless or not, on account of damages suffered or alleged to be suffered under the circumstances hereinbefore described," and to pay the expenses incurred in defending any suit against the assured to collect damages for any claim covered by the policy. It was also stipulated as a part of the policy that "(5) The insolvency or bankruptcy of the assured hereunder shall not release the company from the payment of damages for injuries sustained or loss occasioned during the life of this policy, and in case execution against the assured is returned unsatisfied because of such insolvency or bankruptcy in an action brought by the injured or his or her personal representative in case death results from the accident, then an action may be maintained by the injured person or his or her personal representative against the company under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy."

On August 8, 1924, and while the policy was in force and effect, assured's automobile that was covered by the policy collided on one of the streets of Paducah with an automobile owned by appellee and plaintiff below, W. D. Albritton, and which was being driven at the time by his wife, the appellee and plaintiff below, Mary Albritton, resulting in personal injuries to her and damages to her husband's automobile that she was driving. Each plaintiff brought separate suits against Mimms, the husband, to recover damages to his automobile, and the wife to recover damages for her personal injuries, upon the ground that the accident was produced by the negligence of the assured in operating his indemnified automobile. Assured, according to the terms of the policy, immediately notified defendant of the bringing of those actions and it took charge of their defense, as it had agreed to do in its policy. It not only employed defending counsel, but he filed the defense and conducted the trials throughout, which resulted in a judgment in favor of the husband for the sum of $513.00 and costs, and one in favor of the wife for the sum of $2,000.00 and costs. Execution was issued upon each judgment and a return made thereon by the sheriff of "no property found," whereupon plaintiffs filed these two actions against defendant under inserted

clause (5) above of the policy to recover the amount of each judgment, with interest.

The petitions alleged the facts, the substance of which we have stated, and the court overruled demurrers filed thereto. The answers denied the negligence of Mimms in producing the accident, and perhaps some other matters, and in a second paragraph defendant alleged and relied on section 5 of paragraph B of the policy saying: "Whenever requested by the company, the assured shall aid in securing information, evidence and the attendance of witnesses in effecting settlements and in defending suits hereinbefore referred to. The assured shall at all times render to the company all reasonable co-operation and assistance." It was then averred that after the service of summons on Mimms and his notification of the company he disappeared and declined and refused to render the assistance provided for by that section and because thereof he lost his right of indemnity under the policy. An amendment to that paragraph, after a demurrer was sustained to it, further averred that plaintiffs herein were only entitled under the policy to be subrogated to the rights of Mimms and that anything that destroyed his rights to indemnity under the policy operated also to destroy those of plaintiffs. The demurrer was sustained to the paragraph as so amended and with which was filed, as an exhibit, the stenographer's transcript of the testimony heard at the original trials of the cases against Mimms. The cases were then submitted to the court, who rendered judgment against defendant in each case for the full amount claimed, and to reverse those judgments defendant appeals. The cases were heard together in the court below and by stipulation it was agreed that they might be so heard in this court.

The chief complaints made on this appeal are, (1) that the court erred in sustaining the demurrer to the second paragraph of the answer as amended, which, as we have seen, relied on section 5 of paragraph B in the policy (inserted above) stipulating for assured's co-operation and assistance in the two cases against him, and (2) that the evidence heard upon those trials showed that Mrs. Albritton, who was driving her husband's machine, was herself guilty of contributory negligence sufficient to defeat recovery. Other minor questions are argued, but we do not deem them as sufficiently material to enlist our attention or to deserve discussion, and we will confine this opinion to a consideration of the two complaints named.

1. The first one proceeds upon the theory that neither plaintiff has any rights under the policy except that of subrogation to those of Mimms, the assured, under it, and which we are convinced is altogether erroneous. The excerpt above, taken from the policy conferring a right of action upon the injured person against the company (defendant) in case of insolvency or bankruptcy of assured, was a stipulation for the exclusive benefit of such injured person, and it thereby created under the policy a dual obligation on the company in the event of the conditions named; one to the damaged person because of the accident growing out of either personal injuries or property lost; and the other to the assured, and those obligations when they arose under the policy were totally independent of each other. Neither the assured by anything he might do could defeat plaintiff's cause of action under that clause and, likewise, nothing they might do could defeat his right of action when it accrued by paying the judgments against him. Besides, it is doubtful if the results would be different if we construed the policy to unify in every particular the rights of the damaged person and those of the assured without a showing that the failure to render the stipulated assistance resulted in judgments against him. No such pretense is made in this case, either by pleading or proof, nor is it attempted to be shown that any fact material to the defense of the suits against Mimms was omitted or undeveloped on those trials. But be those matters as they may, there can be no doubt about the correctness of our interpretation of the policy, and the court did not err in its ruling sustaining the demurrer to the second paragraph of the answer as amended.

2. Complaint (2) is equally without merit for two reasons: One, that we do not construe the evidence heard on the trials against Mimms as conclusively establishing contributory negligence on the part of Mrs. Albritton, the driver of her husband's automobile at the time of the accident; and the other one is that defendant is bound by the judgments in the cases against Mimms, and can not relitigate the question of Mrs. Albritton's negligence in the instant cases. Independently of any policy provisions, it is a rule that one who participates in litigation and openly and actively assumes and manages its prosecution or defense, although a stranger to it, is concluded by the judgment rendered therein.

The text in 34 C. J., page 1006, in stating that doctrine, says: "A person who is not made a defendant of record and is not in privity with a party to the action may, as a general rule, subject himself to be concluded by the result of the litigation if he openly and actively, and in respect to some interest of his own, assumes and manages the defense of the action, although there is authority to the contrary. But to bring about this result it is necessary that the person so intervening should do so for the assertion or protection of some interest or right of his own or to escape some ultimate liability on his own part; that he should defend the action openly and avowedly and with notice to the adverse party; and that he should be practically substituted for defendant in the management and control of the case." Kentucky cases cited in the note to the text are Amburgey v. Adams, 196 Ky. 646; Heavrin v. Lack Malleable Iron Company, 153 Ky. 329; Clark County v. Ecton, 150 Ky. 174; Schmidt v. Louisville, 13 Ky. L. R. 114. Other cases from practically every state in the union are also contained in the same note. We have examined the cited Kentucky cases and they fully sustain the text.

But it is also the further rule that a *res judicata* estoppel operates against a person who is responsible over to one of the litigants, either by operation of law or by express contract whenever such one has notice of the litigation and an opportunity to appear and defend. That doctrine is thus stated in the text of the same book, page 1031, paragraph 1463: "Where a person who is responsible over, either by operation of law or express contract, to another for whatever may be recovered in a suit against such other, has notice of a suit against the latter and an opportunity to appear and defend, the judgment rendered in the action, if obtained without fraud, will be conclusive on him, whether he appeared or not. In such case the person responsible over is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means of controverting the claim as if he were a formal party to the record, and it would be unreasonable to permit him to contest the justice of the claim in the suit against himself, after having neglected or failed to show its injustice in the suit against the person to whom he is responsible over. The rule is an extension of the doctrine that all who are parties to a judicial record are bound by the judgment, and it rests on the same foundation, namely,

the necessity that there be an end of litigation." But, in order for the judgment in that character of case to have such effect the one responsible over and who becomes bound thereby must have had previous notice or knowledge of the action and an opportunity to defend it, and when those prerequisites are complied with he is bound by the judgment as effectually as if he had been a party of record. And so, the text of the same authority, on page 1033, paragraph 1465, says: "Notice or knowledge of the action and an opportunity to defend are necessary to render a judgment conclusive on a person responsible over, unless he has expressly stipulated to abide by the result of the litigation." See also the cases of Morgan v. Simmons, 3 J. J. Marsh. 611; Jones v. Henry, 3 Litt. 427; Cox v. Stode, 4 Bibb 4; Maupin v. Compton, 3 Bibb 214. Here, as we have seen, defendant *expressly* agreed in its policy to take charge and conduct the defense of all actions brought against Mimms to recover damages for accidents indemnified against. It did so in this case, as we have seen, and it is too late now for it to attempt to relitigate any of the matters involved in those cases.

Finding no error prejudicial to the substantial rights of the defendant, the judgment in each case is affirmed.