[No. 20972.  Department Two.  April 24, 1928.]

ANDREW MERRIMAN, *Respondent*, v. MARYLAND CASUALTY
COMPANY, *Appellant*.[1]

[1] INDEMNITY (9)— INSURANCE (122) — CONCLUSIVENESS OF JUDG-
MENT IN FORMER ACTION — TENDER OF DEFENSE — NECESSITY.
Where a liability policy provides that the insurance company
shall have the right to defend any action brought against the
assured and that the assured shall furnish the company a copy
of the summons or process served upon him, such copy and an
opportunity to defend the action on the merits is a condition
precedent to liability upon a judgment obtained against the as-
sured.

Appeal from a judgment of the superior court for
Walla Walla county, Sharpstein, J., entered April 7,
1927, in favor of the plaintiff, upon the pleadings, in
an action upon an indemnity insurance policy. Re-
versed.

*Herbert Ringhoffer*, for appellant.

*E. L. Casey*, for respondent.

MAIN, J.—After recovering a judgment by default
against one O. E. Bowman for personal injuries, the
plaintiff brought this action against the defendant
upon a liability insurance policy issued by it to Bow-
man. In its answer, the defendant sought the right to
defend upon the merits as against the plaintiff's claim
that he was personally injured through the fault and
negligence of Bowman. To the answer was attached a
copy of the insurance policy. The plaintiff interposed
a demurrer to the answer, which was sustained. The
defendant declined to plead further and elected to
stand upon its answer. Judgment was entered against
the defendant for the sum of $1,022, which was the

¹Reported in 266 Pac. 682.

amount of the judgment against Bowman and the costs of that action. From the judgment thus entered, the defendant appeals.

The complaint in the present action alleges, among others, these facts: Bowman was operating a farm in Walla Walla county. The appellant, the Maryland Casualty Company, issued to him a policy of liability insurance for which he paid the premium. During the life of this policy, Andrew Merriman, the respondent, while in the employ of Bowman was injured by what he claims was a vicious horse. He also alleges that Bowman was negligent in failing to inform him of the vicious character of the animal. After the respondent was injured, the appellant was informed of the injury and some correspondence took place with reference to a settlement which was never effected. The respondent then brought action against Bowman which the latter did not defend, and judgment was taken by default in the sum of $1,000. There is no allegation in the complaint that the appellant was informed of the pendency of that action or at any time had an opportunity to defend it. The appellant's answer denied that the respondent's injuries were caused by any carelessness or negligence on the part of Bowman and denied the vicious propensities of the horse. It pleaded affirmatively assumption of risk and contributory negligence. It is further alleged in the answer that the appellant, at no time, received a copy of the summons and complaint served upon Bowman and had no knowledge of the pendency of that action until after the judgment was entered. To the answer was attached, as an exhibit, a copy of the insurance policy. The portions of this policy which are pertinent to the present inquiry are the following:

"III. *Defense.* To defend in the name and on behalf of the Assured any suits or other proceedings

which may at any time be instituted against the Assured on account of such injuries, including death resulting therefrom, including suits or other proceedings alleging such injuries or death and demanding damages therefor, although such suits, proceedings, allegations and demands are wholly groundless, false or fraudulent; but the Company reserves the right to settle any such suit. . . .

"VI. *Insolvency of Assured.* The insolvency or bankruptcy of the Assured shall not release the Company from the payment of damages for injuries or death sustained or loss occasioned within the provisions of the Policy; and the prepayment of any judgment that may be recovered against the Assured upon any claim covered by the Policy is not a condition precedent to any right of action against the Company upon the Policy, but the Company is bound to the extent of its liability under the Policy to pay and satisfy any such judgment and an action may be maintained upon any such judgment by the injured person, his or her heirs or personal representatives, as the case may be, to enforce the liability of the Company as in the Policy set forth and limited. . . .

"SUBJECT TO THE SPECIFIC AGREEMENTS, AS AFORESAID, AND TO THE FOLLOWING CONDITIONS AND EXCEPTIONS: . . .

"(C) *Notice.* Upon the occurrence of an accident the Assured shall give immediate written notice thereof to the Home Office of the Company or to its duly authorized agent with the fullest information obtainable. The Assured shall give like notice with full particulars of any claim made on account of such accident. If thereafter, any suit or other proceeding is instituted against the Assured, he shall immediately forward to the Company every summons, notice or other process served upon him."

It thus appears from the policy that the appellant reserved the right to defend all suits or other proceedings that might be brought against the assured (Bowman) on account of personal injuries sustained; that the insolvency or bankruptcy of the assured should not

relieve the appellant from paying any judgment that might be obtained against him, and that, if any suit or other proceeding was instituted against the assured, he should immediately forward to the appellant summons, notice or other process served upon him.

[1] The question is, whether the appellant shall be denied a trial upon the merits as against the respondent, the injured person, because Bowman, the assured, did not inform the appellant or send to it the summons and copy of the complaint served upon him in the action brought against him for personal injuries sustained by Merriman, the respondent. As against the assured, the right of the appellant to defend an action brought against him and to have the summons and copy of the complaint forwarded to it was something that it would have been necessary to have done before Bowman could have maintained an action upon the policy. In fire insurance policies, it has been consistently held by this court that proof of loss as required by the policy is a condition precedent to the maintenance of an action, unless failure to present proof is due to a misleading of the insured by the officers or agents of the insurance company. *Kuck v. Citizens' Insurance Co.*, 90 Wash. 35, 155 Pac. 406; *Walton v. American Central Insurance Co.*, 115 Wash. 103, 196 Pac. 588. The prior holdings of the court upon the question will be found cited in the *Kuck* case. In *London Guarantee & Accident Co. v. Siwy*, 66 N. E. (Ind. App.) 481, it was held that a condition in a policy of liability insurance which required the assured to give immediate notice to the company of any claim for damages on account of an injury to an employe was a condition precedent to the right to maintain the action by the assured. If proof of loss in fire insurance policies is a condition precedent, and notice in a liability insurance policy of the happening of the accident

is a condition precedent, it must necessarily follow that the requirement of the policy in the present case that the summons and other process served upon the assured be forwarded to the insurance company, would likewise be a condition precedent to the right of the assured to maintain the action.

But the question here is, whether the injured person may maintain an action on the policy without the right on the part of the company to defend on the merits, it never as yet having had that opportunity. In *Malanaphy v. Fuller & Johnson Mfg. Co.*, 125 Iowa 719, 101 N. W. 640, 106 Am. St. 332, it is said:

"Necessarily the rights of a party for whose benefit a promise is made must be measured by the terms of the agreement between the principal parties, and the right to recover from the promisor is not absolute in all cases. Among other limitations, the party to be benefited takes subject to all inherent equities arising out of the contract, as affecting the principal parties one with the other. This follows naturally from the relation of privity which the law implies."

In 6 R. C. L., p. 886, it is said:

"Even in jurisdictions which recognize the right of a beneficiary to enforce the contract, the agreement between the promisor and promisee must possess the necessary elements to make it a binding obligation— in other words, it must be a valid contract between the parties to enable a third person, for whose benefit the promise is made, to sue upon it. A mere naked promise from one to another for the benefit of a third will not sustain an action. Necessarily the rights of a party for whose benefit a promise is made must be measured by the terms of the agreement between the principal parties, and the right to recover from the promisor is not absolute in all cases. The beneficiary is in fact asserting a derivative right. Therefore, among other limitations, the party to be benefited takes subject to all inherent equities arising out of the contract, as affecting the principal parties."

In the present case the respondent is basing his action upon a liability policy, which he claims was made for his benefit. The conditions of that policy, by its express terms, were that the respondent should have a right to defend any action that was brought against the assured and that the latter would furnish to the company the summons and other process that might be served upon him. It is at once apparent that the respondent cannot pick out of this insurance contract those provisions which are especially beneficial to him and disregard all other provisions.

Aside from what is said in *Finkelberg v. Continental Casualty Co.,* 126 Wash. 543, 219 Pac. 12, relative to the effect of the failure of the assured to give notice of the pendency of the action, and which was not necessary to the decision in that case, no case has been cited, and in our investigation we have discovered none, which holds that the failure of the assured to inform the company that an action has been begun, as required by the policy, enables the injured person to maintain an action on the policy after obtaining a judgment against the assured without giving to the insurance company the right to defend upon the merits as to the question of liability and the amount thereof. The appellant had the right, at some time at least, to an opportunity to defend upon the merits and this is something that as yet it has never had. The case of *Finkelberg v. Continental Casualty Co., supra,* so far as it is not in accord with what has herein been said will be modified.

What the effect of the failure of the assured to send the summons or other process served upon him to the insurance company would have upon the right of the injured person to maintain an action on the policy after obtaining judgment against the assured, if that clause in the policy stood alone, is not before us at

this time and we express no opinion thereon, because, as already pointed out, the appellant is only asking an opportunity to have a trial upon the merits.

The judgment will be reversed, and the cause remanded with direction to the superior court to overrule the demurrer to the appellant's answer.

FULLERTON, C. J., MITCHELL, HOLCOMB, and ASKREN, JJ., concur.