## GEORGIA CASUALTY CO. v. BOYD.

Circuit Court of Appeals, Ninth Circuit. July 29, 1929.

No. 5708.

Redman, Alexander & Bacon, of San Francisco, Cal., for appellant.

Harry I. Stafford and Dean Cunha, both of San Francisco, Cal. (Daniel R. Shoemaker, of San Francisco, Cal., of counsel), for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. In May, 1925, appellant issued to Dr. George O. Jarvis, in California, a physician's liability insurance policy for $5,000. It recites that it is issued "in consideration of $25 premium and the statements contained in the schedule indorsed hereon and made a part hereof, which statements the assured makes and represents to be true by the acceptance of this policy," etc. Turning to the "schedule," which is headed, "This policy is based upon the following statements which are represented by the assured to be true and correct and in consideration of which the policy is issued," we find that the assured therein stated that no claim was then pending against him for damages on account of alleged error or mistake or malpractice, and that no claim had been paid by him for damages upon any such account.

On October 27, 1927, the appellee obtained a final judgment against Jarvis in the amount of $5,000 as damages for negligence or malpractice in the treatment of her in his professional capacity, during the term of the policy. Thereafter Jarvis became insolvent, and on November 16, 1927, upon his voluntary petition, he was duly adjudicated a bankrupt. By an applicable statute of California, it is provided that no policy shall be issued, "unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy and stating that in case judgment shall be secured against the insured in an action brought by the injured person * * * then an action may be brought against the company, on the policy and subject to its terms and limitations, by such injured person * * * to recover on said judgment." St. Cal. 1919, p. 776.

Proceeding under this statute, appellee on December 13, 1927, commenced the present suit. Answering the complaint, appellant among other things affirmatively alleged that the statement in the "schedule" to which we have referred was false, and that upon the discovery of its falsity it had rescinded the policy, notifying the assured of such rescission, with a tender back of the premium he had paid, all prior to the commencement of appellee's suit against him, but after the alleged acts of negligence or malpractice. Trial by jury was duly waived, and at the close of the evidence the court below gave appellee judgment as prayed, from which the insurance company prosecutes this appeal.

The evidence is without conflict, and fully supports the appellant's affirmative defense. The statement in the schedule was manifestly material, and was untrue. On August 26, 1926, appellant sent the assured a notice that on account of such falsity it rescinded the policy and with the notice was a check to cover the amount of premium paid.

Appellant's single contention is that on the undisputed facts it was entitled to a judgment of dismissal. Appellee objects that the assignment is not available to it, for the reason that it did not take the requisite steps to procure a ruling on the question in the course of the trial. But when the evidence was all in it moved for a judgment in its favor, whereupon the court ordered the cause submitted for decision, and implicit in its final decision in appellee's favor was a ruling denying this motion. True, in many cases a ruling on a mere motion for judgment would not be reviewable, for where the evidence is conflicting, or susceptible to opposing inferences touching the ultimate facts, the ruling might involve nothing more than a finding of fact. But here the evidence was such that, as a matter of law, appellant was entitled to findings of fact in harmony with its pleading, and therefore the motion involved nothing but a question of law, the ruling upon which is reviewable. We are not disposed to analyze the numerous cases which have been cited, both from this and other courts. When read in the light of their facts, no one of them is opposed to the view we have taken, which, we may add, is thought to be in accord with the latest expression upon the subject from the Supreme Court, found in Maryland Casualty Co. v. Jones (No. 524, decision filed June 3, 1929) 49 S. Ct. 484, 73 L. Ed. 960.

On the merits, appellee apparently does not question the right of appellant to rescind as against Dr. Jarvis. That right we think it had, whether the false statement be taken as a warranty or as only a representation of fact. Considering it only as a representation of fact, it falls within the scope of section 2580 of the California Civil Code, which declares that: "If a representation is false in a material point, whether affirma-

tive or promissory, the injured party is entitled to rescind the contract from the time when the representation becomes false." The representation was affirmative and the Insurance Company had the right to rescind upon the discovery of its falsity. See 14 Cal. Jur. 490; Rankin v. Amazon Ins. Co., 89 Cal. 203, 26 P. 872, 23 Am. St. Rep. 460; Wheaton v. North British, etc., Ins. Co., 76 Cal. 415, 18 P. 758, 9 Am. St. Rep. 216; Porter v. General Acc., Fire & Life Assur. Corp., 30 Cal. App. 198, 157 P. 825; McEwen v. N. Y. Life Insurance Co., 23 Cal. App. 694, 139 P. 242. While, apart from such a statutory provision, some diversity in the decided cases may be found, the prevailing rule supports the right to rescind, where, as here, there is an affirmative representation of a material fact, clearly false. 32 Cyc. 1284 et seq.

The contention most vigorously urged for appellee is that, though the rescission may have operated to cut off any right Dr. Jarvis would otherwise have had, as to her it was wholly ineffective for any purpose. Her reasoning is that, under the California statute above quoted, the policy is, in effect, a triparty contract, that her right accrued upon the happening of her injury, and that nothing done thereafter without her consent could operate to divest her of that right. She cites Malmgren v. S. W., etc., Ins. Co., 201 Cal. 29, 255 P. 512; Pigg v. International Indemnity Co., 86 Cal. App. 671, 261 P. 486; Finkelberg v. Continental Casualty Co., 126 Wash. 543, 219 P. 12; Metropolitan Casualty Co. v. Albritton, 214 Ky. 16, 282 S. W. 187; Slavens v. Standard Accident Co. (C. C. A.) 27 F.(2d) 859. But admittedly no decided case is directly in point, and hence we do not stop to analyze or distinguish the citations.

Appellee's position would be tenable in the case of a valid contract of insurance, but it is quite incredible that the Legislature, even were its power to be granted, intended to vest in a third person, who parted with no consideration, a right superior to that of the assured himself, or to give validity in favor of such third person to an instrument void as between the parties thereto. It may be conceded that, after an injury has been suffered, neither by agreement nor otherwise could the parties to the policy deprive the injured person of the benefit thereof, but, as already suggested, the right of the third person presupposes the existence of a valid policy. The manifest purpose of the statute is to give the injured person the same footing the insured would have, had the latter paid the judgment for damages. In the one case, as well as the other, the defense of invalidity is open to the insurer.

It may be added that it is not a case where a statute requires the carrying of such insurance; nor is any element of estoppel pleaded or proved, and we need not decide whether, under the rule of estoppel, appellee could recover if she submitted to treatment by Dr. Jarvis with knowledge, and in reliance upon the protection, of the policy in question, which she had no reason to think was invalid.

Reversed, with directions to take further proceedings, not out of harmony herewith.