## METROPOLITAN CASUALTY INS. CO. OF NEW YORK v. COLTHURST.

Circuit Court of Appeals, Ninth Circuit.
December 9, 1929.

Rehearing Denied January 13, 1930.

No. 5823.

Bronson, Bronson & Slaven, of San Francisco, Cal. (H. R. McKinnon, of San Francisco, Cal., of counsel), for appellant.

Harry I. Stafford and Daniel R. Shoemaker, both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. Upon the facts, which are stipulated, the general question for consideration is whether the appellee, who was injured in an automobile accident in California resulting from the negligence of the owner of the automobile, is entitled to recover damages on account of the injury from the carrier of a policy of insurance. One Harris was the owner of the automobile, and to him, on May 1, 1926, the appellant issued the policy in question, which was written in California and was in force on June 15, 1926, when the accident occurred. Among other things, it provides that "the insolvency or bankruptcy of the Assured hereunder shall not release the Company from the payment of damages for injuries sustained or loss occasioned during the life of this policy, and in case execution against the Assured is returned unsatisfied because of such insolvency or bankruptcy in an action brought by the injured person or his or her personal representative in case death results from the accident, then an action may be maintained by the injured person or his or her personal representative against the Company under the terms of the policy for the amount of the judgment in the said action, not exceeding the amount of the policy."

At the time of its issuance, there was in force a California statute (St. 1919, p. 776) declaring that no policy should be issued "unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy and stating that in case judgment shall be secured against the insured in an action brought by the injured person * * * then an action may be brought against the company,

on the policy and subject to its terms and limitations, by such injured person, * * * to recover on said judgment." Whether the provisions quoted from the policy and this statute are identical in meaning and effect we need not stop to consider. If any distinction can be drawn, it must be held that the policy is more favorable to the injured party, and for the purposes of decision we shall therefore assume that it is controlling.

It obligates the appellant "to defend in the name and on behalf of the assured (Harris) any suit brought against the assured to enforce a claim, whether groundless or not, on account of damages suffered or alleged to be suffered under the circumstances hereinbefore described." It also provides that it is subject to certain conditions, one of which is that written notice of any accident must be given to the company as soon as is reasonably possible, "and if suits are brought to enforce such a claim, the assured shall immediately forward to the company every summons, or other process, as soon as same shall have been served on him." On December 3, 1926, appellee herein brought an action against Harris in the superior court of California in the county of Solano, for damages resulting to her from the accident, and about the middle of that month caused summons to be served upon Harris, which summons he promptly forwarded to appellant. In due time an attorney who was employed by appellant to defend the action in the name of Harris filed a demurrer, sending a copy thereof to counsel for the plaintiff. Whereupon, on January 10, 1927, counsel for the plaintiff wrote to him acknowledging receipt of the copy and advising him that he had dismissed the Solano county suit and had commenced another action in Napa county. With the letter was inclosed a copy of the dismissal of the Solano county suit. It turns out that the suit in Napa county had been commenced on December 21, 1926, and that it was for the same cause of action covered by the Solano county suit. On December 30, 1926, Harris was personally served in San Diego county, Cal., with complaint and summons in the Napa county action, but he failed to appear as required by law, and accordingly, on February 3, 1927, his default was entered; and on May 9, 1927, judgment was rendered against him in favor of the plaintiff, the appellee herein, in the sum of $10,000. The judgment became final, and no part of it has been paid. Execution was issued and returned nulla bona, and it is conceded that at all times Harris was and is insolvent.

Harris not only failed to appear in the action, but also neglected, until May 12, 1927, three days after the judgment was entered, to forward or turn over to appellant herein the complaint or summons which had been served upon him on December 30, 1926, and until May 12th neither appellant nor its attorney ever received any copy of the complaint or summons or any notice of the service thereof upon Harris. Upon receiving the summons and complaint, appellant at once notified Harris that he had broken one of the material conditions of the policy in not promptly forwarding the papers, and advised him that, by reason of such breach, he had forfeited his rights under the policy. Thereafter Harris, at his own expense, took steps to have the judgment vacated, but his motion was resisted by the appellee herein and ultimately denied.

Appellee, having been unable to collect her judgment against Harris, on March 16, 1928, commenced this action to recover the amount of the insurance policy, $5,000, invoking as authority the state statute and the provision of the policy to which we have hereinbefore made reference. Appearing, appellant in its answer set up, among other defenses, the facts of Harris' failure to forward the summons and complaint in the Napa county suit. Trial by jury was waived, and, as already stated, the facts were stipulated.

We do not think the letter referred to, from one attorney to the other, is a material circumstance. The important consideration was that appellant should be advised of the service of process so that it could appear in response thereto, in the assured's name, and make defense. This information the letter did not purport to give, and, until the defendant was served with process, appellant was powerless to take appropriate steps for its protection.

In that view, admittedly, because of his default in not sooner forwarding the summons and complaint, Harris, in case he had satisfied the judgment against him, could not have recovered upon the policy, and the question is whether or not, for like reasons, appellee is subject to the same disability. No decision from the California courts involving a similar question and construing the state statute has been drawn to our attention. Malmgren v. S. W. Ins. Co., 201 Cal. 29, 255 P. 512, is cited but plainly the points there considered bear no reasonable analogy, and we would not be warranted in accepting as decisive in appellee's favor one or two general expressions used in arguendo. Both parties cite our decision in Georgia Casualty Co. v. Boyd, 34 F.(2d) 116, but, while each may find some comfort in an isolated clause or sentence, manifestly the case is far from being a precedent for either side. We there had under consideration a policy which was voidable from the beginning. So also our decision in Slavens v. Standard Accident Ins. Co., 27 F.(2d) 859, must be construed in the light of the facts and issues involved.

The decided cases in other jurisdictions are somewhat at variance. Metropolitan Casualty Ins. Co. v. Albritton, 214 Ky. 16, 282 S. W. 187, and Finkelberg v. Continental Casualty Co., 126 Wash. 543, 219 P. 12, may fairly be said to support appellee's contention. Contra are Roth v. National Casualty Co., 202 App. Div. 667, 195 N. Y. S. 865; Schoenfeld v. New Jersey, etc., Ins. Co., 203 App. Div. 796, 197 N. Y. S. 606; Weiss v. New Jersey, etc., Ins. Co., 131 Misc. Rep. 836, 228 N. Y. S. 314; Miller v. Metropolitan Casualty Ins. Co. (R. I.) 146 A. 412; Stacey v. Fidelity & Casualty Co., 114 Ohio 633, 151 N. E. 718; United States Casualty Co. v. Breese, 21 Ohio App. 521, 153 N. E. 206; Rohlf v. Great American Mutual, etc., 27 Ohio App. 208, 161 N. E. 232; Indemnity Ins. Co. v. Davis, 150 Va. 778, 143 S. E. 328. And, it may be added, Finkelberg v. Continental Casualty Co., supra, has by the Washington court been disapproved. See Merriman v. Maryland Casualty Co., 147 Wash. 579, 266 P. 682.

While not all legally identical with the case before us, in principle and logically, we think, these cases lend support to the appellant's contention that the injured person is under the same disability to which the insured would be subject should he pay the judgment and seek indemnity under the policy. Of course that does not necessarily mean that by agreement or collusion the insured and insurer may defeat the claim or prejudice the rights of the injured party, but the record here presents no consideration of that character.

The rule, as applied in some of the cases cited, is not without harsh consequences to the injured party. By the carelessness or willful inaction of the insured, who is presumptively antagonistic, one who has a just claim for damages may be defeated without any fault upon his part. Whether in such a case the standing of the injured party is no better than that of the delinquent insured we need not here determine. Substantial compliance with the terms of the policy was easily within appellee's power. She knew of the terms of the policy, for she sued upon it,

and she could have seen to it that appellant was promptly furnished with a copy of the complaint and summons and advised of the date service was made upon Harris. It would have been immaterial that she, rather than Harris, furnished such copies and such information. Slavens v. Standard Accident Ins. Co. (C. C. A.) 27 F.(2d) 859. The contract and the statute provide for a suit "under the terms" of the policy or "subject to its terms and limitations," and we think, in the most favorable view to the injured party, it was contemplated he would comply with such terms to the extent of his ability. Whether he is subject to conditions over which he has no control we do not determine.

The judgment is reversed, with directions to take further proceedings not out of harmony herewith.

### On Petition for Rehearing.

Upon a reconsideration of the record, we are inclined to think that the inference of knowledge on the part of the appellee of the contents of the policy at the time she commenced the original action is not warranted. However, in view of our more recent decision in Royal Indemnity Company v. Morris (No. 5824) 37 F.(2d) 90, the consideration is now of no importance, for, in harmony with the ruling there made upon the general question common to both cases, the judgment must be reversed, and upon that ground it is reversed.