PETER ALEZUNAS, et al.

*vs.*

GRANITE STATE FIRE INSURANCE COMPANY.

Androscoggin.   Opinion October 11, 1913.

*Design.   Fraud.   Insurance.   Overvaluation.   Policy.   Procurement.*
*Proof of Loss.   Waiver.*

In an action on a fire insurance policy.
*Held:*
1.  That the fact that the proof of loss did not state "the persons by whom the building insured or containing property insured, was used," as required by the policy, did not prevent recovery because the defendant had waived that provision.   It received the proof without protest and did not ask for additional information.   The objection comes too late.
2.  Nor is recovery precluded by the fact that the proof of loss was signed by Alezunas alone and not by one Brimijoin, although both names appeared in the policy as the parties insured.   The legal title was in Brimijoin and the equitable in Alezunas, so that although the contract of insurance was joint, the interests involved were severable, and Brimijoin conveyed his interest to a representative of the defendant Company, soon after the fire. The neglect, failure or refusal of a nominal party to sign a proof of loss cannot defeat the rights of the real party.

On motion and exceptions by defendant.   Motion and exceptions overruled.

This is an action on a fire insurance policy of the standard form for $1500 issued by the defendant company upon plaintiffs' two story frame dwelling house, situated in Lisbon, in the county of Androscoggin, on the second day of August, 1910, for the term of four years.   The fire which destroyed the house occurred April 24, 1912, and the proof of loss was furnished the defendant on June 21, 1912.   The defendant plead the general issue and filed a brief statement, in which it is claimed that the fire originated by the voluntary act, design and procurement of the plaintiff, and, secondly, that

plaintiff, in his proof of loss, knowingly, wilfully and intentionally, overvalued the property destroyed by fire. The jury returned a verdict for the plaintiff for $1576.50.

During the trial, the plaintiff introduced a paper called a proof of loss, which the court ruled was in form within the requirements of the Revised Statutes. To this ruling, the defendant excepted. The defendant filed a motion for a new trial.

The case is stated in the opinion.

*George S. McCarty,* for plaintiff.

*George C. Wing, George C. Wing, Jr., and L. A. Jack,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

CORNISH, J. Action on a fire insurance policy of standard form in the sum of $1500. A verdict having been rendered in favor of the plaintiff the case comes to this court on motion and exceptions.
MOTION.

The defendant raised two issues of fact before the jury, first that the fire originated by the voluntary act, design and procurement of the plaintiff Alezunas; and second, false and fradulent overvaluation of the property in the proof of loss.

The jury found against the defendant on both issues and a thorough and painstaking study of the evidence fails to convince us that either of these findings was manifestly wrong. There were certain suspicious circumstances connected with the origin of the fire but the defendant failed to connect them with the plaintiffs. A detailed statement of the facts or of the reasons that have led to our conclusion is needless and is therefore omitted. It is sufficient to say that the motion should not prevail.
EXCEPTIONS.

These pertain to the sufficiency of the proof of loss furnished by Alezunas to the company and raise two points.

First, that the proof did not state "the persons by whom the building insured, or containing the property insured, was used," as required by the policy.

The answer to this is waiver on the part of the company. The fire occurred April 24, 1912, the proof of loss was sent to the company on June 21, 1912, and stated that "the property was used as a dwelling." It was received by the company without protest. This technical point was not raised, nor was Alezunas asked to furnish the additional information. The objection comes too late. *Patterson* v. *Ins. Co.*, 64 Maine, 500; *Hilton* v. *Assurance Co.*, 92 Maine, 272.

Second. The second objection to the proof of loss is that it was signed by Alezunas alone and not by Brimijoin, although both names appeared in the policy as the insured and the policy requires that the proof shall be "signed and sworn to by the insured."

This point also lacks merit. It appears from the case that when the policy was issued on August 2, 1910, Brimijoin held the legal title to the premises and Alezunas held a bond for a deed, given him by Brimijoin on June 28, 1909, by the terms of which, conveyance was to be made to Alezunas when he had paid the full consideration of nineteen hundred dollars.

Five hundred dollars were paid down and Alezunas was to keep the building insured for Brimijoin "in a sum not less than $1400." At the time of the fire on April 24, 1912 there was a balance due of $1080. So that although the contract of insurance was joint, the interests involved were severable, the legal interest being in Brimijoin and the equitable in Alezunas. On May 18, 1912, Brimijoin conveyed to George E. Macomber, the general agent of the defendant company, all his right title and interest in the premises subject to the equitable rights of Alezunas. When, therefore, the proof of loss was made on June 21, 1912, Brimijoin had ceased to hold any interest in the premises, a fact that must have been well known to the defendant company because its agent had taken the title and presumably for its benefit.

Alezunas could not be deprived of his right of action because Brimijoin did not sign a proof of loss for property in which the latter had no interest. Suppose Brimijoin should refuse, would Alezunas thereby lose all his rights? Clearly not. It is true that Brimijoin was, by amendment, made a party to the writ; but he was a nominal party merely, the real party in interest being Alezunas. The neglect, failure or refusal of a nominal party to sign a proof of loss cannot defeat the rights of the real party.

Moreover the defendant was in full possession of all the facts. It accepted the proof signed by Alezunas without objection. It was neither deceived nor misled thereby. The technical formality, if ever required, was waived. To hold under all these circumstances that the plaintiff Alezunas could not recover in this action would be to convert a proof of loss, the purpose of which is to assist the insurer, into an instrument of destruction to the rights of the insured. The authorities forbid it; *Patterson* v. *Ins. Co.,* 64 Maine. 500; *Biddeford Savings Bank* v. *Ins. Co.,* 81 Maine, 566; *Hilton* v. *Assurance Co.,* 92 Maine, 272; *Guptill* v. *Ins. Co.,* 109 Maine, 323.

*Motions and Exceptions overruled.*