**SLAVENS v. STANDARD ACC. INS. CO. OF DETROIT, MICH.**

Circuit Court of Appeals, Ninth Circuit.
August 6, 1928.

No. 5385.

1. **Insurance** ⬤⟳512—Whether insurance contract is indemnity contract against actual loss, or against liability for loss, depends on intention of parties.

Whether contract of insurance is an indemnity contract against actual loss, or is a contract of insurance against liability for loss or damage, depends on intention of parties, as evinced by phraseology of agreement or covenant in policy, there being a marked difference between contract of insurance against loss and one against liability.

2. **Insurance** ⬤⟳512—Contract indemnifying against loss, with condition that insured should notify company of accident, and not voluntarily assume right, held policy of indemnity against liability.

Contract of insurance, indemnifying assured against loss from liability imposed by law on him for damages on account of bodily injuries accidentally sustained, and also containing condition that insured shall notify company of accident, and not voluntarily assume any liability, *held* to constitute a policy of indemnity against liability for damages.

3. **Insurance** ⬤⟳537, 591½—Injured person's compliance with condition of automobile indemnity policy requiring prompt notice and information held sufficient, entitling him to sue thereon.

Compliance by injured party with condition of automobile indemnity policy as to prompt notice and information *held* sufficient to authorize him to bring action against insurer, after securing judgment against driver of automobile, without regard to failure of driver to notify insurer, in accordance with such condition of policy; the injured party being a beneficiary and a real party in interest.

4. **Insurance** ⬤⟳629(1)—Allegation of complaint against automobile indemnity company relative to whether judgment against automobile driver was rendered after trial of issue held sufficient as against demurrer.

Allegation of complaint in action against automobile indemnity company, relative to whether judgment against automobile driver was rendered after trial of the issue, and stating that action came on regularly for trial and verdict was returned by jury, *held* sufficient as against demurrer.

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Action by John Slavens against the Standard Accident Insurance Company of Detroit, Mich. Judgment of dismissal, and plaintiff brings error. Reversed and remanded.

The plaintiff in error, hereinafter named the plaintiff, alleged in his complaint that on May 8, 1926, the defendant in error, hereinafter named the defendant, executed to Mart Ernst a policy of automobile insurance upon his automobile, wherein it agreed to indemnify him, "as well as any person or persons while riding in or legally operating" said automobile, for a term of one year, "against loss from the liability imposed by law upon him or them, and for damages on account of bodily injury accidentally sustained by any person while riding in said automobile or legally operating" the same; that on July 18, 1926, at the invitation and request of one Weinsheimer, the plaintiff, with others, accompanied him for a ride in said automobile, which was then and there in possession of and was used and driven by said Weinsheimer, by and with the consent of the said insured; that the plaintiff rode in the automobile with Weinsheimer with the knowledge, consent, and permission of the insured, and that while so riding the automobile was overturned, causing the plaintiff serious bodily injuries; that the plaintiff brought an action against Weinsheimer for said injuries alleging gross negligence on the part of Weinsheimer, and demanded judgment for $18,500; that immediately thereafter the plaintiff gave notice in writing to the defendant of the pendency and nature of said action, and delivered to the defendant and to said Ernst, respectively, copies of the summons and complaint; that both the defendant and Ernst neglected to take part in the defense of said action; that before commencing said action the plaintiff delivered to the defendant and to Ernst a notice in writing, setting forth the accident, with the fullest information obtainable concerning the same, with the particulars of the plaintiff's demand for compensation; that immediately after the occurrence of the accident the said Ernst also gave and delivered to the defendant a notice in writing of the occurrence of the accident and the details thereof, and particulars of the plaintiff's claim, and immediately after the commencement of the action against Weinsheimer Ernst gave to the defendant a copy of the summons and complaint; that defendant had and received due and ample notice of the pendency and nature of said action commenced by the plaintiff against Weinsheimer; that the defendant and the assured refused to pay the plaintiff any sum or sums for damages so accidentally sustained by him; that on February 7, 1927, said action came on for trial before a jury; that after hearing the evidence the

jury returned a verdict, assessing the plaintiff's damages in the sum of $18,500; that on February 8, 1927, judgment was duly entered in accordance with the verdict, which judgment has not been reversed, modified, set aside, or appealed from, nor has any part thereof been paid; that thereafter the plaintiff gave notice to the defendant herein of said judgment, and delivered to said Weinsheimer and to the defendant copies of said judgment and notice of entering same; that thereafter the plaintiff caused execution to be issued in said action on said judgment, and gave written notice thereof to the defendant, to advise plaintiff of any property of said Weinsheimer of which it had knowledge, which the defendant neglected to do; that execution on said judgment was returned by the sheriff wholly unsatisfied, the sheriff having been unable to find any property belonging to Weinsheimer whereon to levy; and that in fact Weinsheimer has no property of any kind not exempt from execution, and is wholly unable to satisfy or pay said judgment. The complaint set forth the policy of insurance and a copy of the complaint in the action against Weinsheimer.

The defendant demurred to the complaint for ambiguity in its failure to show whether the judgment against Weinsheimer was obtained after a trial of the issue, as required by condition G of the policy, or after default of Weinsheimer; also for failure of the complaint to specify what particular person, as the "assured" in the policy, gave the defendant the notice of the accident, as required by the policy; for the reason that the complaint shows on its face that Weinsheimer failed to give the defendant the requisite notices, as required by the policy; and for the further reason that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained, with leave to the plaintiff to amend. The plaintiff having refused to amend, judgment was entered, dismissing the action.

Lester H. Loble and Hugh R. Adair, both of Helena, Mont., for plaintiff in error.

E. G. Toomey, of Helena, Mont., for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). It is urged as ground of demurrer that the plaintiff does not bring himself within the terms of the policy, in that he fails to allege that the notice required by the policy was given to the defendant. The policy provided indemnity, first, to Ernst, the named assured, against loss from liability imposed by law upon him for damages on account of bodily injuries; second, it bound the defendant to indemnify, "in the same manner and under the same conditions as the named assured is indemnified hereunder, any person or persons while riding in or legally operating any of the automobiles described herein, * * * provided such use or operation is with the permission of the named assured," and it contains this provision: "The unqualified term 'assured,' wherever used in this policy, shall include in each instance any other person, firm, or corporation entitled to indemnity under the provisions and conditions of this clause, but the qualified term 'named assured' shall apply only to the assured named and described as such in the declarations." Liability upon the indemnity contract is conditioned upon the provision that the "assured," upon the occurrence of an accident, shall give the defendant immediate written notice thereof, with fullest information obtainable, and like notice, with full particulars of any claim made on account of such accident, and that, if thereafter any suit be brought against the assured, he shall immediately forward to the company every summons or other process served on him.

It is clear that the word "assured," thus used, refers, not to Ernst, but to the other persons entitled to indemnity under the provisions of the policy. The defendant points out that it is not alleged in the complaint that Weinsheimer ever gave the defendant notice of the accident, or of the particulars thereof, or notified it of the action against him, or sent it copies of summons and complaint in that action, and argues that the notices furnished by the plaintiff and by Ernst, as alleged in the complaint, were not sufficient to comply with the terms of the policy; that the plaintiff can recover only through Weinsheimer's right; that, if Weinsheimer had no right to recover, the plaintiff had none; that Weinsheimer was to be indemnified only on condition that he gave the defendant the required notices; that, having failed to give those notices, the defendant is relieved from obligation to indemnify him; and that the plaintiff can recover only what the defendant was under obligation to pay to Weinsheimer.

[1, 2] The crucial question in the case is whether the contract of insurance is an indemnity contract against actual loss, or is a contract of insurance against liability for loss or damage. "Whether it is the one or the other depends upon the intention of the parties, as evinced by the phraseology of the

agreement or covenant in the policy, * * * there being a marked difference between a contract of insurance against loss and one against liability." 36 C. J. 1057. "Where the policy provides that the insured shall immediately notify the company in case of accident or injury, that the company would defend actions growing out of injuries, in the name of insured, and that insured should not settle any claim or incur any expense without the consent of the company, it is generally to be held a policy of indemnity against liability for damages." 36 C. J. 1058.

The case at bar comes within the definition so quoted. While it expresses the obligation of the company to indemnify the assured against "loss from the liability imposed by law" upon him for damages on account of bodily injuries accidentally sustained, it also contains the condition that the insured shall notify the company of the accident, that he shall not voluntarily assume any liability or settle any claim or incur any expense on account thereof without the consent of the company, and that the company will defend in the name and on behalf of the assured any suit against him to recover damages on account of bodily injuries. Among the cases supporting the text above quoted are Maryland Casualty Co. v. Peppard, 53 Okl. 515, 157 P. 106, L. R. A. 1916E, 597; Blanton v. Cotton Mills Co., 103 Kan. 118, 172 P. 987, L. R. A. 1918E, 541; Stephens v. Pennsylvania Casualty Co., 135 Mich. 189, 97 N. W. 686, 3 Ann. Cas. 478; Anoka Lumber Co. v. Fidelity & Casualty Co., 63 Minn. 286, 65 N. W. 353, 30 L. R. A. 689; Schambs v. Fidelity & Casualty Co. (C. C. A.) 259 F. 55, 6 A. L. R. 1231; Fenton v. Poston, 114 Wash. 217, 195 P. 31; Finkelberg v. Continental Cas. Co., 126 Wash. 543, 219 P. 12.

[3] The question arises whether Weinsheimer's failure to give the defendant notice of the accident immediately after its occurrence, with the fullest information obtainable, and full particulars of any claim made against him on account thereof, is fatal to the right of the plaintiff herein to recover on a complaint which alleges that all the prescribed information so stipulated for was promptly furnished by both the plaintiff and by Ernst. In fire and life insurance it is generally held that a stipulation in the policy as to the person by whom notice is to be given is of the essence of the contract. 33 C. J. 9; 36 C. J. 1100; 14 R. C. L. 1336; Ayres v. Hartford Fire Ins. Co., 17 Iowa, 176, 85 Am. Dec. 553; St. Paul F. & M. Ins. Co. v. Mittendorf, 24 Okl. 651, 104 P. 354, 28 L. R. A. (N. S.) 651, and note. But exceptions are recognized in cases where

notice and proofs of loss are made by "the real party in interest," although he is not the named assured, but his rights are such that he is held to be the assured within the meaning of the policy, as in Watertown Ins. Co. v. G. & B. S. M. Co., 41 Mich. 131, 1 N. W. 961, 32 Am. St. Rep. 146; Milwaukee Mechanics' Ins. Co. v. Brown, 3 Kan. App. 225, 44 P. 35; and Alezunas v. Granite State Fire Ins. Co., 111 Me. 171, 88 A. 413.

We think that the plaintiff herein is a beneficiary of the insurance policy and a real party in interest, and that his compliance with the condition of the policy as to prompt notice and information was sufficient to authorize him to bring the present action, and that he could not be deprived of his rights under the policy by Weinsheimer's neglect or failure to act. The policy recognizes the plaintiff's right to sue upon the policy in providing that "the insolvency or bankruptcy of the assured shall not release the company from the payment of damages for injuries sustained or loss occasioned during the policy period. In the event of the assured being unable to satisfy judgment against him, the injured person, or his heirs or personal representatives, in case of death resulting from an accident, shall have the right of action against the company, subject to the terms and limitations of this policy, to recover the amount of said judgment." Ordinarily the beneficiaries of an indemnity contract may maintain an action on the contract, though not named therein, when it appears by fair and reasonable intendment that their rights and interests were in the contemplation of the parties, and were being provided for at the time of making the contract. Dixon v. Horne, 180 N. C. 585, 105 S. E. 270; Gorrell v. Water Supply Co., 124 N. C. 328, 32 S. E. 720, 46 L. R. A. 513, 70 Am. St. Rep. 598; Capelle v. U. S. Fidelity & Guaranty Co., 80 N. H. 481, 120 A. 556.

In Finkelberg v. Continental Cas. Co., supra, the court had under consideration a policy similar to that in the case at bar. It provided that, in case execution against the assured were returned unsatisfied, in an action brought by an injured person, because of insolvency or bankruptcy, "an action may be maintained by such injured person, or his or her personal representatives, against the company, under the terms of the policy, for the amount of the judgment in said action, not exceeding the amount of the policy." It was contended that there was no privity of contract between the assured and the injured person, but the court held that a third person beneficially interested in a contract may

maintain an action to recover thereon, even though the identity of the third person may not be known at the time of the execution of the contract, and also held that in the case under consideration the failure of the assured to give notice of the pendency of the action brought against him by the injured person could not destroy the right of the latter to recover in an action directly against the insurance company.

In Metropolitan Casualty Ins. Co. v. Albritton, 214 Ky. 16, 282 S. W. 187, the insurance company by its policy agreed to defend any suit brought against the insured, that the insured's insolvency should not release the company, and that an action might be maintained against it by the injured person for the amount of the judgment in said action, not exceeding the amount of the policy. To the action brought by the injured person a defense relied upon by the insurance company was that the insured had failed and refused to comply with his covenant to aid in securing information, evidence, and the attendance of witnesses, in effecting settlements, and in defending actions; that the injured person was entitled under the policy only to be subrogated to the rights of the assured, and that anything that destroyed the latter's rights destroyed his rights. The court held that the policy imposed a dual obligation on the company, one to the assured, the other to the injured person, and that the assured could not by anything he might do or fail to do defeat the right of action of the injured person. In Fentress v. Rutledge, 140 Va. 685, 125 S. E. 668, the insured had failed to comply with the provision of the policy that he should give immediate written notice of an action against him, and forward the pleadings and other papers to the insurance company. The court held that under the policy the accident to the third person initiated a claim against the company and that when the latter held back from complying with its obligation to defend without assigning any reason therefor, it waived the right which it failed to insist upon.

It is true that in Rohlf v. Great American Mut. Indemnity Co. (Ohio App.) 161 N. E. 232, it was held that the deliberate and premeditated evasion on the part of the insured of his stipulated duty to co-operate with the insurer in defense of an action against him relieved the insurer from liability to the injured person, who brought suit against the insurer to obtain satisfaction of his judgment. But that was a case in which the court found that the policy was an indemnity contract, and for that reason the injured person had no greater rights against the insurer than had the insured himself. The case at bar is not a case of entire absence of notice to the insurer, as in Travelers' Insurance Co. v. Myers & Co., 62 Ohio St. 529, 57 N. E. 458, 49 L. R. A. 760, and other cases cited by the defendant, in which it was held that the stipulation as to notice was of the essence of the contract. Here the plaintiff, as well as Ernst, who paid the premium for the insurance, furnished the defendant all the information that could have been given it by Weinsheimer, and no ground is seen for holding the notice and information insufficient, or that Weinsheimer's inaction affected substantial rights of the defendant.

[4] Another ground of the demurrer is that it cannot be determined from the complaint whether or not the judgment against Weinsheimer was rendered after trial of the issue. But the complaint alleges that "on the 7th day of February, 1927, said action against said Edward Weinsheimer came on regularly for trial in said district court before a jury of 12 men duly and regularly impaneled and sworn to try said cause, and that after hearing the evidence the said jury returned a verdict in said court, assessing the plaintiff's damages in the sum of $18,500; that thereafter, on the 8th day of February, 1927, judgment was duly given, and made and entered in said action, in accordance with said verdict." We think the pleading was clearly sufficient as against the demurrer.

The judgment is reversed, and the cause is remanded for further proceedings.