**INDEMNITY INS. CO. OF NORTH AMERICA v. FORREST et al.**

**No. 6165.**

Circuit Court of Appeals, Ninth Circuit.
Nov. 10, 1930.

Rehearing Denied Dec. 22, 1930.

Hartley F. Peart and Gus L. Baraty, both of San Francisco, Cal., for appellant.

Joseph A. Brown, of San Francisco, Cal., and A. L. Crawford, of Palo Alto, Cal., for appellees.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

RUDKIN, Circuit Judge.

August 8, 1926, there was in force and effect a contract of insurance between the Indemnity Insurance Company of North America, as insurer, and one Mary C. Kittredge, as assured, by the terms of which the company agreed to indemnify the assured, in an amount not exceeding $10,000, against claims for damages for bodily injuries or death alleged to have resulted from the operation of an automobile owned by the assured and described in the policy. The policy contained a further provision that it should cover as additional assured any person operating the automobile with the permission of the assured, or, if the assured be an individual, with the permission of an adult member of the assured's household, other than a chauffeur or domestic servant. One Hooper was employed by Mrs. Kittredge as chauffeur at her ranch in Saratoga, Cal., and, on the date above mentioned, with the permission of his employer, Hooper drove the automobile covered by the policy in suit to San Francisco, and on his return trip on the following morning the automobile struck and killed one Forrest. October 13, 1926, the plaintiffs herein, surviving wife and minor son of Forrest, commenced an action in one of the state courts of California against Hooper and Mrs. Kittredge to recover damages for death by wrongful act. October 20, 1926, Mrs. Kittredge, after having been served with summons in the action, died, and her executor

was substituted in her place and stead. February 11, 1927, the action was dismissed as to the executor; March 28, 1927, process in the action was served upon Hooper; March 2, 1928, a default was claimed; and May 5, 1928, a default judgment was entered in favor of the plaintiffs and against the defendant Hooper for the sum of $5,333. That judgment having become final and execution thereon having been returned unsatisfied, the plaintiffs therein commenced the present action against the defendant, the insurance carrier above named, and, from a judgment in their favor, the defendant has appealed.

■ The principal defense urged at the trial seems to have been based upon the claim that, at the time of the accident, Hooper was driving the automobile without the permission of the named assured or of an adult member of her household, other than a' chauffeur or domestic servant, and was not an additional assured within the terms of the policy. At the close of the trial, after all the testimony was in, the answer was amended by leave of court by adding thereto the additional defense that Hooper failed to forthwith forward to the appellant the process and pleadings served on him; failed and refused to render to the appellant all co-operation and assistance in his power, and failed to aid in securing information and evidence and the attendance of witnesses, as required by the terms of the policy. This belated defense was doubtless interposed with a view of bringing the case within the decisions of this court in Metropolitan Ins. Co. of New York v. Colthurst (C. C. A.) 36 F.(2d) 559, and Royal Indemnity Co. v. Morris (C. C. A.) 37 F.(2d) 90, handed down after the original answer was filed. There was testimony tending to prove that the process and pleadings served on the codefendant, Kittredge, during her lifetime were promptly forwarded to the appellant, and this was a sufficient compliance with the requirements of the policy in that regard. Slavens v. Standard Acc. Ins. Co. (C. C. A.) 27 F.(2d) 859; Metropolitan Ins. Co. of New York v. Colthurst, supra; Royal Indemnity Co. v. Morris, supra. While the receipt of the process and pleadings served on the codefendant gave no notice that service had also been made upon Hooper, there was testimony tending to prove that the appellant had actual notice of the service of process on Hooper, both before and after the default was claimed against him, and was given full opportunity to defend in his behalf, but refused to do so on the ground that it had a complete defense to the action. Under such circumstances, the failure to forward the process and pleadings constitutes no defense; and, inasmuch as the appellant refused to defend the action in behalf of Hooper, it is now in no position to claim that he failed to co-operate or assist in a defense that was never made.

■ It is next contended that the evidence was insufficient to support a finding that Hooper was operating the automobile with the permission of the named assured, or in the course of his employment as chauffeur. But there was a clear conflict in the testimony on that issue, and in such cases the finding of the jury is conclusive on this court.

■ Again, the court instructed the jury, among other things, that the right of recovery was based on the claim that Hooper was driving the automobile with the permission of the named assured, and the instruction is assigned as error because the complaint alleged that he was operating the car in the course of his employment as chauffeur, not with the permission of the named assured. True, the complaint contained no direct allegation that Hooper operated the car with the permission of the named assured, but that question was made an issue at the trial, and the appellant itself requested an instruction upon it. Under such circumstances, we think the complaint should be deemed amended, if need be, to conform to the proof.

■ After the commencement of the present action, Belva Forrest, one of the appellees, married one Dovan, and the fact of her marriage was unknown to the appellant when the jury was impaneled. As soon as the appellant became aware of the marriage, it requested permission of the court to further interrogate the jurors for the purpose of ascertaining whether any of them was acquainted with Dovan or was connected in any way with the concern for which he worked. The refusal of this request is assigned as error. There is no intimation in the record that any of the jurors was in fact disqualified for any reason, and, in the absence of any such showing, there was no abuse of discretion or prejudicial error in the ruling complained of.

■ The letter addressed to the appellant by Mrs. Kittredge during her lifetime, in which she declared that Hooper was driving the automobile at the time of the accident without her permission, was not a declaration against interest, and was not admissible in evidence against the appellees in any conceivable aspect of the case.

The judgment is affirmed.