CITY OF JUNEAU v. HANSEN & ROW-
LAND, INC., OF ALASKA, et al.

No. 6458–A.

United States District Court
D. Alaska. First Division. Juneau.

Dec. 13, 1951.

Howard D. Stabler, Juneau, Alaska, for plaintiff.

Joseph A. McLean, Faulkner, Banfield & Boochever, Juneau, Alaska, for defendants.

FOLTA, District Judge.

By this action the City seeks to compel its insurance carriers, Hansen & Rowland and the American Casualty Company, to indemnify it in the sum of $10,145.69, the amount of a judgment entered against the City as employer, upon an award of the Alaska Industrial Board for permanent total disability which it found had been sustained by a city employee. Each party has moved for a summary judgment.

On review by the full Board on February 24, 1951, the first award was set aside and the finding was made that as a result of exposure to carbon monoxide on February 9, 1949, and slipping while tightening a nut on August 10, and striking his back against a wheel on August 18, 1949, when his wrench slipped, George F. Martin, the employee referred to, became permanently totally disabled on January 1, 1950. The earlier award differed from the later one only in that it was made against the insurer Hansen & Rowland as well as the City and was based on the injury of February 9 only. Not only has no appeal been taken from the final award, but the time allowed therefor has long since expired.

Upon the expiration of the Hansen & Rowland policy of insurance on June 21, 1949, that of the American Casualty Company went into effect. Contending that since the final award was based on the

August injuries as well as the accident of February 9 there should be an apportionment of the liability, Hansen and Rowland has refused to pay more than what it deemed its pro rata share of the award to be. The American Casualty Company contends that since it was not made a party to the proceeding before the Industrial Board and received no notice of the claim or of the hearing, it was deprived of an opportunity to defend and, hence, is not liable in this action.

Most of the contentions advanced by the City and insurers are devoid of merit. The case turns on whether the American Casualty Company was notified of the proceeding in conformity with the provisions of the policy or whether by its conduct it waived the requirements thereof. If either question is answered in the affirmative, the only remaining question is whether there should be an apportionment of liability.

Paragraph (F) of the policy of insurance of the American Casualty Company provides: "This Employer, upon the occurrence of an accident, shall give immediate written notice thereof to the Company with the fullest information obtainable. He shall give like notice with full particulars of any claim made on account of such accident. If, thereafter, any suit or other proceeding is instituted against this Employer, he shall immediately forward to the Company every summons, notice or other process served upon him. Nothing elsewhere contained in this Policy shall relieve this Employer of his obligations to the Company with respect to notice as herein imposed upon him."

An examination of the records shows that the American Casualty Company was notified not only as to the injuries of February 9, but also as to those which occurred the following August. But the record further shows that after an investigation made by it the American Casualty Company concluded that the so-called August injuries were mere recurrences of a condition which first manifested itself upon exposure to carbon monoxide the previous February at a time when the prior insurer's policy was in effect and that, therefore, it was not liable.

Thereafter it appears that Hansen & Rowland agreed with this view, for it assumed the entire defense of the case before the Industrial Board and even negotiated a compromise and release, based on the three alleged injuries, which, however, did not become effective because of the Board's refusal to approve it.

I find, therefore, that there was no denial of liability by the American Casualty Company.

It further appears that after the award of January 24, 1951, Hansen & Rowland concluded, upon the testimony of Dr. King as to the nature of the heart condition with which the employee was afflicted, that there should be an apportionment of the liability and on February 1, 1951, applied for a review of the award by the entire Board. But it should be noted that Hansen & Rowland had known of the findings of Dr. King for some time and that, therefore, this point was not only available to Hansen & Rowland on the occasion of the first hearing, but that there was ample time in which to implead the American Casualty Company. However, it was not until February 15, the day before the hearing on the application for review, that Hansen & Rowland took any steps in pursuance of its theory of apportionment and, although it notified the American Casualty Company that it was going to urge that theory upon the Board, it did not notify the City. This, of course, was too late to afford an adequate opportunity to the American Casualty Company to appear and defend. On February 24, 1951 the award of the Board was affirmed.

From these facts, I conclude that there was a breach of paragraph (F) of the policy, which released the American Casualty Company, Campbell v. Continental Casualty Company, 8 Cir., 170 F.2d 669, 6 A.L.R.2d 655; 45 C.J.S. Insurance, § 1048, page 1274; 58 Am.Jur. 929, § 571, and that Hansen & Rowland is solely liable to the City for the amount of the judgment entered against it, with interest at 6% from May 24, 1951 and for costs.

An attorney's fee of $600 is allowed.