**STANDARD ACCIDENT INSURANCE COMPANY, Plaintiff,**

v.

**Dr. Irvin F. SONNE, Albert Duncan Booker, an infant three years of age, Rachel G. Booker, Joe G. Leibson, Defendants.**
**Civ. A. No. 2802.**

United States District Court,
W. D. Kentucky, at Louisville.
Dec. 14, 1954.

King & Porter, Walter R. King, Louisville, Ky., for plaintiff.

J. Blakey Helm, Van Meter Fishback, Louisville, Ky., for defendant.

SHELBOURNE, Chief Judge.

This case was tried to the Court October 20, 1954.

After considering the pleadings, the evidence heard at the trial, the argument of counsel and the briefs, the Court makes the following

Findings of Fact

1. Plaintiff Standard Insurance Company is a corporation organized and existing under the laws of the State of Michigan. On November 14, 1952, it executed and delivered to the defendant Dr. Irvin F. Sonne, a resident of the State of Kentucky, its policy of insurance No. GB-621315, by the terms of which it agreed to pay on behalf of the insured, all sums for which the insured should become legally obligated to pay, as damages within specified limits, because of personal injury sustained by any person, caused by accident arising out of the ownership, maintenance or use of the premises located at 529 South 8th Street, Louisville, Kentucky, known as the Central Hotel. By the general conditions of the policy, it was provided—

"Notice of Accident: When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

The premium was paid and this policy was in effect from November 14, 1952, for a period of one year.

2. July 28, 1953, Albert Duncan Booker, an infant three years of age, was injured in an accident at the Central Hotel, 529 South 8th Street, where he was living with his mother Rachel Booker, when he fell from the second floor of the fire escape.

3. Eugene Reed, manager of the Central Hotel, who was manager of the hotel at that time, and who during the absence of the owner, Dr. Sonne, had complete charge of the hotel, at the time the accident occurred, knew when the accident happened and that the child was taken to General Hospital by the Police, whom he testified he called after the happening of the accident, although he said he did not know the extent of the injuries.

4. Within two days after the accident occurred, the said Eugene Reed informed Dr. Sonne that an accident had occurred at the hotel and although he did not relate the details, he did relate that a child had fallen from the second floor of the fire escape. No investigation was made by Dr. Sonne to determine how the accident occurred or the extent of the injuries.

5. Shortly after October 10, 1953, Eugene Reed talked with Mr. Joseph Leibson, who at that time was attorney for Rachel Booker, the infant's mother, and was informed by Mr. Leibson that he was investigating the accident and on October 12, 1953, Mr. Leibson and a photographer were at the hotel taking photographs of the fire escape from which the infant had fallen and the said manager Reed, or a person whom Mr. Leibson took to be the manager, knew the photographs were being taken in connection with the aforesaid accident.

6. Neither Dr. Irvin F. Sonne, nor anyone in his behalf, notified the plaintiff Standard Accident Insurance Company, in writing or orally, that an accident had occurred at the hotel from July 28, until February 12, 1954, when Irvin F. Sonne, as defendant, was served with a summons in a State Court action arising out of the accident, at which time he called an agent of the company and reported the accident. Dr. Sonne testified that the accident was reported to him by Reed within a couple of days after it occurred, but that he inferred it was a minor accident. He said he did not inquire of Reed if the child was injured.

7. The knowledge of Eugene Reed, manager of the hotel, of this accident, whose duty it was to report same to Dr. Sonne, the insured, is imputed to the insured.

8. Because of the delay in reporting the accident to the plaintiff, Standard Accident Insurance Company, said plaintiff company was delayed and hampered in the investigation of said accident.

## Conclusions of Law

I. The Court has jurisdiction of the parties and of the subject matter in this controversy. Title 28 U.S.C.A. § 1332.

■ II. Neither written nor oral notice of the accident here involved was given to the Standard Accident Insurance Company or any of its authorized agents as soon as practicable. The terms and conditions of liability policy number GB–621315 issued by the plaintiff to the defendant were breached by the failure of defendant Irvin F. Sonne to report said accident in accordance with the term of the policy.

In the case of Southern Surety Company v. Heyburn, 234 Ky. 739, 29 S.W. 2d 6, one of the conditions of the policy involved was that the assured " 'shall give immediate written notice to the Company or its duly authorized Agent' " whenever the assured or bailees " 'shall have knowledge or receive information of any occurrence which might result in a. claim against the Assured or Bailees for damages on account of bodily injury sustained or for any other cause, and for which claim they might expect indemnity under this policy * * *.' "

Here the insured's automobile struck a pedestrian at a crossing, knocking her ten or fifteen feet to the street. Her clothing was torn and soiled and the insured inquired about her injuries and offered to take her to the hospital. She first accepted the offer, but later rejected it because of apprehension as to the effect on an ill relative at home of her arrival in a disheveled condition. She was assisted across the street to a grocery store and on her assurance she was not hurt, the insured departed. Later, it developed she had injuries which incapacitated her for several months and suit was brought. When advised of this development, the insured notified his insurance company of the accident and the assertion of a claim against him. The insurance carrier denied any responsibility because the insured had not complied with the terms of the policy. The matter was compromised by the insured by the payment of $900 and attorney fees and the insured sued the insurance company to recover the sums paid. The jury found for the insured and the insurance company appealed. The Court of Appeals reversed and in its opinion stated the rule to be—

"The true rule, it seems to us, must be declared to be that notice is an essential requirement in order to fix liability on the insurer when there has been such an occurrence or accident as would lead the ordinarily prudent and reasonable man to believe that it might give rise to a claim for damages. Such is the fair and reasonable construction to be given the condition of the policy and the principle upon which all the cases cited were determined."

In that case, the Court, in discussing policies of indemnity, stated that the rule should be more rigid than in cases resting upon fire insurance policies or ordinary accident policies covering disability or injury to the person insured. It said—

"In the latter cases the liability becomes fixed immediately upon the occurrence, while in this class the very nature of the indemnity requires prompt investigation and preparation for a defense to the possible litigation by the one who shall or might be, through his contract, forced to become the real defendant, for with passing time the discovery of witnesses becomes more difficult, physical conditions change, memory becomes less sure, facts become dis-

torted, and 'more dangerous than all, fraud and cupidity have had an opportunity to perfect their work' ".

In this opinion, the Court also said that it could not be seriously contended that the lapse of three months is a reasonable time. More than six months lapsed in the present case.

The opinion in the case of Sun Indemnity Company v. Dulaney, 264 Ky. 112, 89 S.W.2d 307, 310, also discusses the importance of promptly reporting accidents where indemnity insurance policies are involved. It is there said—

"The occurrence of an accident and injury, however slight, may result in litigation, even in protracted litigation. It is the experience of every defender of causes that it is a matter of first importance to become possessed of all material facts and of the names and residences of all known witnesses at the earliest possible moment * * *."

This case was cited with approval in Travelers Insurance Company v. Boyd, 312 Ky. 527, 228 S.W.2d 421. See also Preferred Accident Insurance Company v. Castellano, 2 Cir., 148 F.2d 761; Standard Accident Insurance Company v. Turgeon, 1 Cir., 140 F.2d 94; Ohio Casualty Insurance Company v. Miller, D.C., 29 F.Supp. 993, and State Auto Mutual Insurance Company v. Sinclair, D.C., 96 F.Supp. 267.

▇ III. Knowledge by the agent of the insured of an accident is imputed to the insured. See Commercial Casualty Insurance Company v. Fruin-Colnon Contracting Company, 8 Cir., 32 F.2d 425, and Campbell v. Continental Casualty Company, 8 Cir., 170 F.2d 669, 6 A. L.R.2d 655.

▇ Eugene Reed, was manager of the Central Hotel, and by his testimony, it is established that he knew the accident occurred; that the child fell from the fire escape and that he was taken to the General Hospital by the police. He later knew that an attorney came to the hotel investigating the accident and that photographs were taken. There is con-

flict in the testimony as to how much of this information, other than the fact that an accident had happened, was conveyed to the defendant Sonne, but Reed's knowledge of the accident and the circumstances surrounding it is imputed to the defendant Irvin F. Sonne.

It is not contended that any effort or attempt was made by the insured, charged with knowledge the accident had happened, to notify the insurer of the accident for a period of more than six months, during the latter half or more of which period insured's manager in personal charge of the hotel knew that an attorney was investigating and making pictures of the premises where the child had fallen. Such a breach of the condition subsequent in the policy deprived the insurer of its right to make seasonable investigation and under the applicable law of Kentucky, in the cases above referred to, discharged the insurer from its obligation of indemnity.

Judgment in accord with these holdings will be tendered by counsel for plaintiff, upon notice to opposing counsel.